## FREEMAN v. CORNISH.

A verbal communication, made by the selectmen to a land-owner at the time of a hearing on a petition for a new highway, that they had decided to lay out the proposed highway, no return or record of the laying out having then been made, is not sufficient notice of the laying out to limit the time, within which such land-owner may appeal, to sixty days, under General Statutes, chapter 63, section 11.

This is an appeal by said Freeman from the decision of the selectmen of Cornish in laying out a highway, and awarding damages to the appellant. The return thereof was recorded on the 23d day of November, A. D. 1870, and the petition was filed on the 7th day of August, A. D. 1871. The town moved to dismiss the petition on the ground that it was not filed within sixty days after the record of the return, he having had actual notice of the laying out. On this point it appeared that the petitioner had due notice of the hearing on the petition for the highway, and that he actually appeared; and the town contended that this was actual notice of the laying out within the meaning of the law; but the court ruled otherwise, and the defendant excepted. Further testimony was then taken, from which the court finds, as matter of fact, that at the hearing aforesaid the selectmen decided to lay out the highway in question, which was already staked out, and then communicated verbally their decision to the petitioner: but at this time their return was not made, and of course not recorded; nor was there any evidence that after the making of the return

the selectmen ever gave notice, either verbal or written, to the petitioner; of such laying out.

The court ruled, *pro forma*, that this was not actual notice of the laying out within the statute, subject to exception.

*Baker*, for the petitioner.

*Cushing*, for Cornish.

LADD, J.   Chapter 63, section 10, General Statutes, provides that any land-owner or other person aggrieved by the decision of the selectmen, in laying out or altering a highway, or in the assessment of damages in any case relating to a highway, may appeal therefrom to the supreme court by petition within one year after the highway or alterations are made ; and section 11 of the same chapter provides that if a land-owner or other person interested appeals from the decision of the selectmen laying out or altering a highway, he shall file his petition, if he had actual notice of the laying out or altering, within sixty days after the return thereof is recorded.

This case is an appeal from the decision of the selectmen of Cornish in laying out a highway and awarding damages to the appellant. The town moved to dismiss the petition on the ground that it was not filed within sixty days after the record of the return.

So far as the appeal from the assessment of damages is concerned, this objection fails, because section 11 relates only to appeals from the laying out or altering. But we have considered the further question presented by the case, whether the appeal must be dismissed as to the laying out for the cause ·claimed.

It appeared that the plaintiff had due notice of the hearing on the petition for the highway, and appeared ; and it was contended that this was actual notice of the laying out, within the meaning of section 11, so as to limit the time allowed for appeal to sixty days. The court ruled otherwise, and we have no doubt that ruling was correct. By no stretch of construction can a notice that the selectmen propose to examine and consider whether they will or will not lay out a highway, be held equivalent to notice that they have actually laid out one.

Upon this ruling being made, further evidence was offered, showing that at the hearing the selectmen decided to lay out the highway, and at that time verbally communicated their decision to the plaintiff. The question is whether that was actual notice to him of the laying out within the meaning of section 11.

It need not be said that when this communication was made the highway was not in fact laid out, because there were other acts to be done by the selectmen, the most important and vital of which were making a return and causing the laying out to be recorded.

The notice, then, could not be of the laying out, as called for by the statute, but must have been and was of quite a different thing, namely, of the intention, purpose, and decision of the selectmen, then formed,

to lay it out. We think that was insufficient. Section 11 is in derogation of the general right of appeal given by section 10. It may have been the intention of the legislature, by providing in section 11 that in case the party aggrieved has actual notice of the laying out he must file his petition in sixty days, to furnish towns with the power to hasten the proceedings, where they are made aware that some person considers himself aggrieved and intends to appeal, by giving to such person actual notice of the laying out. However that may be, we think a reasonable construction of the two sections together requires us to hold that the words " actual notice," as used in section 11, imply some authentic act on the part of the town by which the land-owner or person aggrieved shall be authoritatively informed of what has been done. Strong reasons might probably be suggested why the notice should be such in form and substance as to furnish to him the material facts contained in the record of laying out. But of this it is unnecessary to express an opinion, for whatever may be the proper form of such notice, we think that shown in this case is not sufficient, and that the motion to dismiss                        *Must be denied.*